UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THOMAS JEWELL CARR, Plaintiff,

v. Civil Action No. 3:16-cv-P748-DJH

OFFICER BUCKLEY et al., Defendants.

* * * * *

## **MEMORANDUM OPINION**

On November 28, 2016, Plaintiff filed a *pro se* action pursuant to 42 U.S.C. §1983 (Docket Number (DN) 1). After performing initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed some claims to continue against two Defendants, but stayed this action pending final disposition of the state criminal case against Plaintiff (DN 6). The Court also ordered Plaintiff to "notify the Court in writing within 30 days of the *final* disposition of the state criminal action against him." Plaintiff was warned that failure to do so would result in the dismissal of this civil action.

On June 8, 2017, Defendant Louisville/Jefferson County Metro Government filed a motion to dismiss (DN 8) in which it argues that Plaintiff failed to notify the Court of the disposition of Plaintiff's criminal case which "was final on April 24, 2017, when the Court entered Judgment on a Guilty Plea Waiver of Pre-Sentence Report & Judgment of Conviction and Sentence." Plaintiff failed to respond to Defendant's motion to dismiss. Thus, on August 16, 2017, the Court entered an Order (DN 10) ordering Plaintiff to respond to Defendant's motion to dismiss within 21 days from entry of the Order. That Order was returned to the Court (DN 11) marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward."

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Review of the docket reveals that over a month has passed without Plaintiff providing any notice of an address change. Because Plaintiff has failed to provide an updated address to the Court and an Order sent to Plaintiff by this Court has been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e), that Plaintiff has abandoned any interest in prosecuting this action, and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: October 26, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Counsel for Defendant Louisville/Jefferson County Metro Government
　　Defendant Buckley
4415.003